## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:                                                  )
                                                        )
SURVWEST LLC                                            )     Case No. 24-15214-TBM
Tax ID: 26-4586113                                      )     Chapter 11
                          Debtor                        )
                                                        )
_____)
FIRST WESTERN EQUIPMENT FINANCE,                        )
                                                        )
                          Movant,                       )
v.                                                      )
                                                        )
SURVWEST LLC                                            )
and KEN YAGER, Trustee                                  )
                                                        )
                          Respondents                   )

---

## MOTION FOR RELIEF FROM STAY

---

FIRST WESTERN EQUIPMENT FINANCE ("FWEF") by and through its counsel, Douglas D. Koktavy, P.C., hereby moves this Court for an Order granting relief from the automatic stay allowing it to proceed to liquidate the collateral subject to its first and prior liens in as described herein, and in support thereof states as follows:

### Background
### FWEF Prepetition Loans

1. Prepetition, on or around April 12, 2024, SURVWEST LLC  entered into an Equipment Finance Agreement with EWEF (the "Agreement").   A true and correct copy of the Agreement is attached hereto as **Exhibit 1,** and is incorporated herein by this reference.

2.  To secure the Agreement, SURVWEST LLC granted EWEF a lien on specific assets for Global Navigation Satellite Systems ("GNSS") for land surveying known as Trimble assets. Specifically, the assets were identified as #EFA13711901D, comprised of:

| Serial No. | Equipment Description |
|---|---|
| 6404709029 | Trimble R12i, Model 60, ROW and Accessories |
| 6404708987 | Trimble R12i, Model 60, ROW and Accessories |
| 6405710261 | Trimble R12i, Model 60, ROW and Accessories |
| 6404708961 | Trimble R12i, Model 60, ROW and Accessories |
| 6404708865 | Trimble R12i, Model 60, ROW and Accessories |
| JAJ23401004 | Trimble TSC5 Controller-WWAN and Accessories; |
| JAJ23401004 | Trimble TSC5 Controller - WWAN  and Accessories |
| 37052106 | Trimble Instrument-S5 3" robotic, DR Plus, Active and Accessories |
| 96613967 | Trimble MultiTrack Target w/7.4v batt. and Accessories |
| BAC2318001 | Trimble EM120 2.4GHz Module and Accessories |
| BAC2331007 | Trimble EM120 2.4GHz Module and Accessories |
|  |  |
|  | (Collectively the "Trimble Assets") |

3.      EWEF perfected its security interest by filing its Financing Statement filed with the Colorado Secretary of State.  A true and correct copy of the Financing Statement is attached hereto as **Exhibit 2**, and is incorporated herein by reference.

4.      EWEF has a valid and enforceable lien and perfected security interest in the Trimble Assets.

5.      As of the Petition Date, the principal balance owed on the Agreement was $208,448.24 as set forth in Proof of Claim no 3-1.

6.     Under the terms of the Agreement, SURVWEST LLC is required to make monthly payments in the amount of $4,626.65.

### The Bankruptcy Case

7.     SURVWEST LLC filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on September 5, 2024 (the "Petition Date").

8.     Ken Yager was appointed as Trustee on March 11, 2025.

9.     The Agreement is past due for $15,663.62.  A true and correct computer record is attached hereto and incorporated by reference and marked as **Exhibit 3.**

10.     The total due, including current charges, is $21,111.70, Exhibit 3.

11.     The Book Value (i.e., depreciation) of the Trimble Assets is $179,960.95.

### Authority and Relief Requested

12.     EWEF is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (2).  EWEF will address these bases in turn.

**I.     There is cause to lift the stay under 11 U.S.C. § 362(d)(1).**

14.     First, there is cause to lift the stay under 11 U.S.C. § 362(d)(1), which provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d)(1).

15.     A creditor can show lack of adequate protection and the right to stay relief with evidence of "declining property values, the increasing amount of secured debt through interest accruals or otherwise, the non-payment of taxes or other senior liens, failure to insure the property, failure to maintain the property, or other factors that may jeopardize the creditor's

present position." In re Anthem Communities/RBG, LLC, 267 B.R. 867, 871 (Bankr. D. Colo. 2001).

16. "'Cause' for relief from the automatic stay is not necessarily limited to lack of adequate protection. When a creditor seeks relief for 'cause' other than a lack of equity, it must make a prima facie showing of 'cause.'" Deutsche Bank Nat'l Tr. Co. v. Miller (In re Miller), No. 10-25453-MER, 2012 Bankr. LEXIS 5628, at *44 (Bankr. D. Colo. Dec. 4, 2012). "Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case by case basis." In re Cooper, Inc., No. 16-11235, 2017 Bankr. LEXIS 408, at *10 (Bankr. D. Kan. Feb. 13, 2017). "The moving party has the burden to show that 'cause' exists to lift the stay, after which the burden shifts to a debtor to demonstrate why the stay should remain in place." Busch v. Busch (In re Busch), 294 B.R. 137, 140-41 (B.A.P. 10th Cir. 2003).

17. "As an independent ground establishing 'cause' to lift the stay under § 362(d)(1), the Court may apply a balancing test to weigh the hardships suffered by the creditor under the automatic stay against those suffered by the Debtors' if the stay is lifted." Deutsche Bank Nat'l Tr. Co. v. Miller (In re Miller), No. 10-25453-MER, 2012 Bankr. LEXIS 5628, at *46 (Bankr. D. Colo. Dec. 4, 2012). In addition, "many of the reasons espoused in the section 362(d)(2) discussion can be considered cause. For example, there is little chance of an effective reorganization in the near future." In re B-K of Kan., Inc., 69 B.R. 812, 815 (Bankr. D. Kan. 1987).

18. Cause exists to lift the stay under § 362(d)(1).

4

19. This account was last paid in October 2024. The lack of equity results in a lack of adequate protection. A true and correct copy of the Payment History is attached as **Exhibit 4** and incorporated by reference.

20. The United States Trustee's Motion for the Appointment of a Receiver (Docket No. 183) states, in paragraph 29, "On December 20, 2024, the Debtor posted a report asserting that it was the victim of a theft of the following estates assets." The assets included several Trimble pieces of equipment.

21. The Trustee's report continued:

30. From a review of the insurance policies provided to the the UST, it appears that none of these assets are covered by the Debtor's insurance policies. Here, there is cause to lift the stay under § 362(d)(1).

22. The lack of insurance for the Trimble Assets causes a default in paragraph 10 of the Exhibit 1, the Equipment Finance Agreement.

## II. Debtor has no equity in the collateral and the collateral is not necessary to an effective reorganization.

23. EWEF is entitled to relief from the automatic stay to proceed against its collateral under 11 U.S.C. § 362(d)(2), which provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . with respect to a stay of an act against property under subsection (a) of this section, if . . . the debtor does not have an equity in such property; and . . . such property is not necessary to an effective reorganization . . .

11 U.S.C. § 362(d)(2).

24. In assessing whether the property is necessary for an effective reorganization, the Debtor must show that there is a reasonable prospect of a successful reorganization within a

5

reasonable period of time. The Supreme Court has explained that this requires . . . not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time." In re CST Grp., Inc., No. 13-11894 HRT, 2013 Bankr. LEXIS 2077, at *10 (Bankr. D. Colo. May 22, 2013) (quoting United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 375–76 (1988)).

25.     Thus, "[t]he mere indispensability of the property to the debtor's survival and the debtor's hopes of reorganization are insufficient to justify continuation of the stay when reorganization is not reasonably possible." In re CST Grp., Inc., 2013 Bankr. LEXIS 2077, at *10–11 (quoting In re Timbers of Inwood Forest Associates, Ltd., 808 F.2d at 370-71.

26.     In determining whether a debtor may successfully reorganization within a reasonable time, the Bankruptcy Court in this district applies a sliding scale—a lesser standard early in this case but, as the case progresses, "a debtor must demonstrate that a successful reorganization within a reasonable time is 'probable.'" In re DB Capital Holdings, LLC, 454 B.R. 804, 819 (Bankr. D. Colo. 2011); see also Versus Bank of Commerce v. Fox (In re Fox), No. 12 32462 HRT, 2013 Bankr. LEXIS 653, at *20 (Bankr. D. Colo. Feb. 21, 2013) ("Where a debtor is in the initial weeks of a reorganization case, the Court does not expect a debtor to be able to outline a plan with exacting detail.").

27.     This greater standard applies near the expiration of the exclusivity period, such that a debtor approaching exclusivity must "demonstrate a successful reorganization within a

reasonable time is 'probable.'" In re Plateau Energy, Inc., No. 11-13182 MER, 2011 Bankr. LEXIS 4188, at *10 (Bankr. D. Colo. Oct. 28, 2011); see also In re Gunnison Ctr. Apartments, LP, 320 B.R. 391, 402 (Bankr. D. Colo. 2005) (same). "'Probable' has been defined as having more evidence for than against or supported by evidence which inclines the mind to believe, but leaves some room for doubt or 'likely.'" In re Plateau Energy, Inc., MER, 2011 Bankr. LEXIS 4188, at *10.

28.    In this case, the principal balance owed is $203,710.78.  The Book Value of the Trimble Assets are $179,960.95.  So the first portion of this test is met.

29.    The pending plan of reorganization (Docket No. 147) states:

6.2.5 class 5-Allowed Secured Claim of First West Equipment Finance

Class 5 consists of the Allowed Secured Claim of First Western Equipment Finance ("FWEF") based upon an equipment finance agreement identified as Contract #EFA137119-01D.  The Claim is secured by first priority purchase money liens on multiple Trimble units.  FWEF filed a Secured Proof of Claim in the amount of $208,448.24.  The Class 5 claim is fully-secured.  **The class 5 claim shall be paid pursuant to the terms of the parties pre-petition agreements**. FWEF shall retain its liens securing the Class 5 Claim until the class 5 Claim is paid in full.  (Emphasis added)

30.    This claim has not been paid pursuant to the parties pre-petition agreements.  The last monthly payment received was on October 25, 2024, Exhibit 3.  Furthermore, the majority shareholder is under indictment.  This case will not be confirmed in its present form.

31. An complying affidavit is made pursuant to the Servicemembers Civil Relief Act of 2003 ("SCRA") and L.B.R. 4002-3 is not required as this Debtor is not an individual and not subject to SCRA protection.

7

**WHEREFORE**, First Western Equipment Finance respectfully requests the Court grant it relief from the automatic stay to proceed to enforce its claims against the Trimble Assets pursuant to state law and its loan documents through foreclosure of its interest in the collateral, and for such other and further relief as the Court deems just and proper.

DATED: March 26, 2025.

Respectfully submitted,

**DOUGLAS D. KOKTAVY, P.C.**

by /s/ Douglas D. Koktavy
Douglas D. Koktavy, #14641
10200 E. Girard Ave, Ste. B-120
Denver, Colorado 80231
Telephone: (303) 758-6601, ext. 104
Facsimile: (303) 758-6540
Email: doug@coloradocreditorlaw.com

**ATTORNEYS FOR FIRST WESTERN EQUIPMENT FINANCE**

DocuSign Envelope ID: D12CB36B-54C8-45CF-B233-B06FA664EB9E

**EQUIPMENT FINANCE AGREEMENT**

**First Western Equipment Finance**

**Customer:** SurvWest, LLC

**Agreement No.:** EFA1371190ID

A division of First Western Bank & Trust
100 Prairie Center Drive
Eden Prairie, MN 55344
P: (952) 516-7320 F: (952) 516-7321

**Address:** 6501 E. Belleview Ave. Suite 300
Englewood, CO 80111

**Equipment Description:**
(5) Trimble R12i, Model 60, ROW And Accessories
(1) Trimble TSC5 Controller-WWAN And Accessories
(2) Trimble EM120 2.4GHz Module And Accessories
(1) Trimble Instrument - S5 3" Robotic, DR Plus, Active And Accessories
(1) Trimble MultiTrack Target w/7.4v batt. And Accessories
(1) Trimble TSC5 Controller-WWAN And Accessories

**Equipment Location:** 4925 Sun Valley Dr. Forth Worth, TX 80111

| | | | | | |
|---|---|---|---|---|---|
| **Term:** | 48 | **Payment Amount:** | $4,626.65 | **0 Advance Payment(s):** | $0.00 |
| **Number of Payments:** | 48 | | | **Documentation Fee:** | $150.00 |
| **Payments to be Made:** | Monthly | | | **Total Due in Advance:** | $150.00 |

**ADDITIONAL PROVISIONS:** See Equipment supplier's invoice for Equipment information

1. **Equipment Finance Agreement Definitions:** In this Agreement, the words "I", "me", and "my" mean the Customer ("Customer") (whether one or more). The words "you" and "your" mean the Financer ("Financer"). "Agreement" means this Equipment Finance Agreement, including but not limited to the Guaranty. For valuable consideration, you and I agree to all of the provisions of this Agreement in its entirety.

2. **Location of Equipment/Inspection:** I am the owner of the Equipment and will assure that you hold the first priority security interest in the equipment at all times. I agree to maintain records showing the location of each item of Equipment. You may inspect the equipment and/or receive a report from me as to the current location upon your request.

3. **Security Interest:** To secure the payment of this Equipment Finance Agreement, I grant you a security interest in the Equipment (along with any replacement parts and proceeds) and/or services described herein or in any attachment. If the Equipment requires registration and/or titling and/or licensing, I agree to register and/or title and/or license it and list the Financer as 1st Lienholder. I agree that I will not use the Equipment illegally and I will not sell or otherwise dispose of it without your written permission, that may be withheld in your sole discretion. I will keep the Equipment in good repair and pay all taxes (including personal property tax, fines and penalties) due on the Equipment. I will use the Equipment solely for business purposes, and not for personal, family, or household purposes. I am also assigning to you any proceeds as a result of insurance written in connection with the Equipment or this Agreement. Insurance proceeds will be applied to reduce the amount I owe. I authorize you to insert or correct information on this Agreement. If any provision of this Agreement is declared unenforceable, the other provisions shall remain in full force and effect.

4. **Promise to Pay:** I promise to pay all payments and other amounts due under this Agreement, without any set-offs whatsoever. I will make all payments to the Payment Address below or other addresses that you may designate. You may adjust the Payment Amount proportionately up to 15% if the actual Equipment Cost differs from the estimated Equipment Cost used to calculate the Payment Amount. As used in this Agreement, "Equipment Cost" is all amounts paid relating to the purchase, delivery and installation of the Equipment, including (as applicable) equipment costs, software license fees, upfront taxes, third party buyouts and upgrade amounts.

5. **Late Charge and Dishonored Check Charges:** If any amount of a payment payable to you is not paid when due, you may charge me a late fee equal to 15% of the payment due, plus any collection fees and expenses. For each dishonored or returned check or other payment order that you receive on my Agreement, I agree to pay a service charge of $ 30.00

6. **NON-CANCELABLE.:** This is a non-cancelable agreement and may not be cancelled by me for any reason whatsoever. I may only prepay you by remitting to you all remaining current and future payments due on the Agreement (in addition to all other accrued and unpaid charges owing). I will make all payments whether or not I am satisfied with the Equipment and without deduction for any claim I may have against the Equipment supplier or against you.

7. **UCC Filings:** I authorize you to record a UCC-1 financing statement to show your interest in the Equipment. I agree to take any other action you request and/or authorize you to take any action to protect your rights under this Agreement from time to time and that you may report a copy of this Agreement as a financing statement. I will provide any landlord or mortgagee waiver you request to protect your interest in the Equipment. I authorize you to endorse your name to any notes, checks, or other instruments for the payment of money relating to the Equipment (including insurance).

8. **Taxes and Fees:** I agree to pay when due all taxes (including personal property tax, fines and penalties) and fees relating to this Agreement or the Equipment. If you pay any of the above for me, I agree to reimburse you and to pay you a processing fee for each payment you make on my behalf.

9. **Assignment: I HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN OR LEASE THE EQUIPMENT OR THIS AGREEMENT.** I understand that you, without prior notice, have the right to assign this Agreement to another financing source without my consent. I understand that the assignee will have the same rights and benefits but they do not have to perform any of your obligations. I agree that the rights of assignee will not be subject to any claims, defenses, or setoffs that I may have against you.

10. **Insurance:** I will maintain property insurance on the Equipment fully insuring against all risks of loss and will maintain a general public liability insurance policy covering the Equipment and its use with coverages reasonably acceptable to you during the term of this Agreement with casualty insurance against loss, damage, theft and other hazards and name you as Loss Payee. If you fail to receive proof that satisfactory insurance is in force, you at your option, may declare me in default or purchase insurance to protect your interests and charge me the gross amount of the premiums plus your fee (currently $ 95.00) plus a financing charge.

**EXHIBIT 1**

Rev. 8/23/2023

DocuSign Envelope ID: D12CB36B-54C8-45CF-B233-B06FA664EB9E

11. **Loss or Damage:** I am the owner of the Equipment and responsible for the risk of loss or for any destruction of or damage to the Equipment. No such loss or damage relieves me from the payment obligations under this Agreement. I agree to promptly notify you in writing of any loss or damage and I will then pay to you the value of the total of all unpaid payments for the full term.

12. **Customer's Representations.** I have given true and complete information in my application (including any supporting information) provided to you and I understand that you have relied on it. I have full authority to enter into this Agreement.

13. **Warranties.** I UNDERSTAND THAT THE FINANCER MAKES NO EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THE MERCHANTABILITY, SUITABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE CONCERNING THE EQUIPMENT, GOODS, PROPERTY AND/OR SERVICES SOLD UNDER THIS AGREEMENT.

14. **Indemnity:** You are not responsible for any loss or injuries caused by the installation or use of the Equipment. I agree to hold you harmless and reimburse you for loss and to defend you against any claim for costs, losses or injury caused by the Equipment or its use or related to this Agreement. My indemnity obligation includes any cost, expense or liability you incur, including court costs, attorney fees, interest and penalties.

15. **Default and Remedies.** I will be in default under the Agreement for any of the following reasons: (a) failure to make a payment in full when due; (b) failure to comply with any promise or term of the Agreement; (c) default on any other obligation for which I am legally responsible; (d) if any of my Customer's representations were false, incorrect or misleading; (e) if I (or any guarantors) die; (f) if I (or any guarantors) become insolvent or the subject of a bankruptcy or other insolvency proceeding. If I default, you will have the right to accelerate the remaining unpaid payments and require that I immediately pay such amount plus any other accrued charges. After default, you may take possession of the Equipment by either self-help or legal process, at your option. You may require me to assemble and make the Equipment available to you or, at your option, I will allow you to peaceably enter the premises at which the Equipment is located so that you can remove it. I agree to pay you all the costs and expenses, including, but not limited to, attorney's fees, Equipment repossession costs, Equipment storage costs, costs of refurbishing Equipment and insurance costs, you incur in any enforcement through legal proceedings or otherwise, and in any dispute related to this Agreement or the Equipment. I agree that any delay or failure to enforce your rights under this Agreement does not prevent you from enforcing any rights at a later time, and the exercise of any remedy shall not prevent the exercise of any other remedy. It is further agreed that my rights and remedies are governed exclusively by this Agreement.

16. **Authorization to Communicate with Third Parties.** I authorize you to contact any person to obtain or disclose information about me in connection with making, servicing, and collecting obligations under this Agreement.

17. **Venue:** THIS AGREEMENT WILL BE DEEMED FULLY EXECUTED AND PERFORMED IN THE STATE OF NORTH DAKOTA UPON SIGNING BY THE FINANCER AND WILL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH NORTH DAKOTA LAW. I EXPRESSLY CONSENT TO JURISDICTION AND VENUE (AT YOUR SOLE DISCRETION) OF ANY APPROPRIATE COURT LOCATED IN THE STATE OF MINNESOTA AND I WAIVE RIGHT TO TRIAL BY JURY FOR ANY CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE EQUIPMENT. I WAIVE RIGHT OF DEFENSE OF INCONVENIENT FORUM. SERVICE OF PROCESS SHALL BE DEEMED SUFFICIENTLY MADE ON ME BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TO MY BILLING ADDRESS SET FORTH ABOVE.

**ACCEPTANCE OF DELIVERY:** Unless otherwise agreed to in writing between the parties, I certify that all the Equipment listed above has been furnished and accepted in its current condition, that delivery and installation has been fully completed and is satisfactory. Further, all conditions and terms of this Agreement have been reviewed and acknowledged. Upon my signing below, my promises herein will be irrevocable and unconditional in all respects. I understand and agree that you have made payment for the Equipment to the Equipment supplier, and I should contact the Equipment supplier for my warranty rights.

| | |
|---|---|
| Financer: First Western Equipment Finance a division of First Western Bank & Trust<br>Headquarters: 900 S. Broadway, Minot, ND 58701<br>Payments: P.O. Box 2068, Minot, ND 58702-2068<br><br>By. _Fred Kuhnen_ _____ / 4/25/2024<br>— Financers' Authorized Signature       Dated<br>**THIS AGREEMENT BECOMES BINDING WHEN ACCEPTED BY THE FINANCER.** | Customer acknowledges receipt of a true, legible copy of this Agreement which was completely filled in prior to Customer's execution. The signer below covenants that he has the authority to sign this Agreement on behalf of the Customer.<br><br>By: _Mathew Barr_ _____ / Director Corporate Opera 4/12/202<br>Mathew Barr       Title       Dated |

**GUARANTY:** The undersigned jointly and severally and unconditionally guarantee to the Financer the prompt and full payment of the above obligation owed to the Financer. The undersigned further agrees to remain bound on this Guaranty notwithstanding any extension, forbearance or waiver, or release, discharge or substitution of any Equipment or security for the debt. In the event of default, the Financer may seek payment directly from the undersigned without need to proceed first against Customer. This Guaranty shall be binding upon and inure to the benefit of the parties, their successors, assigns and personal representatives.

Guarantor: _Mathew Barr_ _____    Date: 4/12/2024
Mathew Barr

Rev. 8/23/2023

SCAN DATE 26/04/2024 10:25:49

## UCC Financing Statement

**Colorado Secretary of State**
Date and Time: 04/24/2024 12:49:46 PM
Master ID: 20242036674
Validation Number: 20242036674
Amount: $8.00

### Debtor: (Organization)

Name: SurvWest, LLC
Address1: 4925 Sun Valley Dr.
Address2:
City: Forth Worth          State: TX          ZIP/Postal Code: 80111
Province:                  Country: United States

### Secured Party: (Organization)

Name: First Western Bank & Trust
Address1: 100 Prairie Center Drive
Address2:
City: Eden Prairie         State: MN          ZIP/Postal Code: 55344
Province:                  Country: United States

### Collateral

Description:

This financing statement covers any and all equipment leased or financed by Secured Party and described in or subject to:    Agreement No. EFA13711901D    Together with all substitutions, replacements, accessories, accessions, rent, revenue, insurance and proceeds related to the equipment described on above Agreement.

### Optional Information

**Optional filer reference data/miscellaneous information:**
[281584410]

**EXHIBIT 2**

Page 1 of 1

Case:24-15214-TBM   Doc#:231   Filed:03/26/25   Entered:03/26/25 16:11:55   Page12 of 16

EFA13711901D   EFA13711901D   1107961   SurvWest, LLC   Booked   04/25/2024   EFA   Trimble 48

JAN 8 – 2025

| Customer | Contract | Aging | Transactions | Documents | User Defined | Billing | Equipment/Collateral | Accounts | Contacts | Contract EFT | Comments | Preferences | Insurance |

| | | | |
|---|---|---|---|
| Current Due: | $5,448.08 | Term: | 48 |
| Past Due: | $15,663.62 | Date Last Received: | 10/25/2024 |
| Unapplied Cash: | $0.00 | Last Received Amount: | $4,737.46 |
| Total Due: | $21,111.70 | Last Received Reference: | G-C93AFC0E8B884 |
| Security Deposit: | $0.00 | Oldest Contract Payment Due: | 10/25/2024 |
| Misc Charges: | $2,161.86 | Equipment/Collateral Cost: | $200,936.97 |
| Legal Balance: | $179,960.95 | Original Lease Receivable: | $227,398.08 |
| Remaining Payments: | $203,710.78 | Lease Receivable: | $203,710.78 |
| | | Book Value: | $179,960.95 |
| | | Earnings Calculation Through: | 1/8/2025 |
| | | Charge Offs: | |

| | |
|---|---|
| Contract/Renewal Payments Closed: | 5 |
| Contract/Renewal Payments Remain: | 43 |
| Current Residual: | $0.00 |
| Residual Recovered: | $0.00 |
| Remaining Residual: | $0.00 |
| Non-Accrual Effective Date: | |
| = Days Delinquent: | 75 |
| = Payments Returned: | 22 |
| = Late Fees Waived: | 1 |
| $ Late Fees Waived: | $710.62 |
| Contract Payment Amount: | $4,737.46 |
| Sales Tax Amount: | $0.00 |
| Total Payment Amount: | $4,737.46 |

**EXHIBIT 3**

# Payment History

3/20/2025

| Contract ID: | EFA13711901D |
| Customer Name: | SurvWest, LLC |
| Address: | 6501 E. Belleview Ave. Suite 300 |
| | Englewood, CO 80111 |
| Start Date: | 4/25/2024 |
| Term: | 48 |

| Date | Description | Invoice # | Due Date | Original Amount Due | Date Paid | Note(s) | Payment Method | Reference # | Amount Paid |
|------|-------------|-----------|----------|--------------------|-----------|---------|----------------|-------------|-------------|
| 4/25/2024 | One Time - Documentation Fee | 3410282 | 4/25/2024 | $17,052.05 | 4/25/2024 | | Payment By Phone - 7770425 | | $17,052.05 |
| 5/28/2024 | May 2024 - Contract Payment | 3411218 | 5/25/2024 | $4,737.46 | 5/28/2024 | | ACH - G-FD1FC8666FE44 | | $4,737.46 |
| 6/25/2024 | Jun 2024 - Contract Payment | 3417312 | 6/25/2024 | $4,737.46 | 6/25/2024 | | ACH - G-FB46E11562B34 | | $4,737.46 |
| 7/25/2024 | Jul 2024 - Contract Payment | 3423716 | 7/25/2024 | $4,737.46 | 7/25/2024 | | ACH - G-5635E4EBF3B84 | | $4,737.46 |
| 8/26/2024 | Aug 2024 - Contract Payment | 3429991 | 8/25/2024 | $4,737.46 | 8/26/2024 | | ACH - G-03D9F3B087294 | | $4,737.46 |
| 9/26/2024 | Sep 2024 - Contract Payment | 3436618 | 9/25/2024 | $4,737.46 | 9/26/2024 | Returned Check | ACH - G-48F92761E2E74 | | ($4,737.46) |
| 10/25/2024 | Sep 2024 - Contract Payment | 3436618 | 9/25/2024 | $4,737.46 | 10/25/2024 | "Late Fee Assessed" | ACH - G-C93AFC0E8B884 | | $4,737.46 |

EXHIBIT 4

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:                                               )
                                                     )
SURVWEST LLC                                         )        Case No. 24-15214-TBM
Tax ID: 26-4586113                                  )        Chapter 11
                          Debtor                     )
                                                     )
_____           )
FIRST WESTERN EQUIPMENT FINANCE,                    )
                                                     )
                          Movant,                    )
                                                     )
v.                                                   )
                                                     )
SURVWEST LLC                                         )
and KEN YAGER, Trustee                              )
                                                     )
                          Respondents                )

---

## NOTICE OF MOTION FOR RELIEF FROM STAY
## AND OPPORTUNITY FOR HEARING PURSUANT TO 11 U.S.C. §362(d)

---

### OBJECTION DEADLINE: April 17, 2025

YOU ARE HEREBY NOTIFIED that a Motion for Relief From Stay has been filed, a copy of which is attached hereto.

A hearing on the Motion has been set for **April 24, 2025, at 9:00 a.m.,** at the U.S. Bankruptcy Court, U.S. Custom House, 721 19th Street, 5th Floor, Courtroom E, Denver, Colorado 80202.  The hearing will be conducted in accordance with the provisions of L.B.R. 4001-1.

IF YOU DESIRE TO OPPOSE THIS MOTION, you must file with this court a WRITTEN OBJECTION to the Motion on or before the objection deadline listed above and serve a copy upon movant's attorney, whose address is listed below.

If you file an objection you are REQUIRED to comply with L.B.R. 4001-1 regarding hearing procedures, including (1) the timely submission and exchange of witness lists and exhibits and (2) attendance at the above-scheduled hearing in person or through counsel, if represented.

**IF YOU FAIL TO FILE AN OBJECTION**, the scheduled hearing will be **vacated**, and an order granting the relief requested may be granted without further notice to you.

Dated: March 26, 2025

Respectfully submitted,

**DOUGLAS D. KOKTAVY, P.C.**

by: /s/ Douglas D. Koktavy
Douglas D. Koktavy, #14641
Building B, Suite 120
10200 East Girard Avenue
Denver, Colorado 80231
Telephone: (303) 758-6601
Facsimile: (303) 758-6540
E-mail: Doug@ColoradoCreditorLaw.com

**ATTORNEY FOR MOVANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2025, a true and correct copy of the foregoing **NOTICE OF MOTION FOR RELIEF FROM STAY AND OPPORTUNITY FOR HEARING PURSUANT TO 11 U.S.C. §362(d)** and **MOTION FOR RELIEF FROM STAY,** was served via a Notice of Electronic Filing transmitted by CM/ECF in accordance with Local Bankruptcy Rule 5005-4(a), to:

| | | |
|---|---|---|
| SurvWest LLC* <br> 6501 E. Belleview Ave. <br> Suite 300 <br> Englewood, CO 80111 | Aaron J. Conrardy <br> 2580 W. Main Street <br> Suite 200 <br> Littleton, CO 80120 | David Wadsworth <br> 2580 West Main Street, <br> Suite 200 <br> Littleton, CO 80120 |
| Jennifer M Salisbury <br> 1775 Sherman Street <br> Ste 1950 <br> Denver, CO 80203 | United States Trustee <br> Att: Robert Samuel Boughner <br> Byron G. Rogers Federal Building <br> 1961 Stout St. <br> Ste. 12-200 <br> Denver, CO 80294 | Ken Yager <br> 750 Old Hickory Blvd., <br> Bldg #2 <br> Ste. 150 <br> Brentwood, TN 37027 |

 * served via United States Post Office Mail, first-class postage prepaid together with the 20 Largest Unsecured Creditors identified on the attached Exhibit A

/s/Douglas D. Koktavy
Douglas D. Koktavy

2

Exhibit A*
List of 20 Largest unsecured Creditors

4M Analytics
701 Brazos Street
Austin, TX 78701

Aerial Surveys International, LLC
PO Box 130
Watkins, CO 80137

Alliance PC
8200 Brownleigh Drive
Raleigh, NC 27617

Altus Traffic Management LLC
PO Box 679427
Dallas, TX   75267-9427

American Express
PO Box 981535
El Paso, TX  79998-1535

American Express
PO Box 981535
El Paso, TX   79998-1535

American Express
PO Box 981535
El Paso, TX   79998-1535

Anthem Blue Cross Blue Shield
PO Box 51011
Los Angeles, CA  90051-5311

Ayres & Associates, Inc.
3433 Oakwood Hills Parkway
Eau Claire, WI 54701

Bentley
685 Stockton Drive
Exton, PA 19341

Bluevine/Celtic Bank Corporation
401 Warren Street,
Suite 300
Redwood City, CA   94063

Cambridge Advance, LLC
2 Executive Blvd,
Ste 305
Suffern, NY 10901

Cromwell Capital
398 E. Dania Beach Blvd., #297
Dania, FL 33004

Elan Financial Services
PO Box 6335
Fargo, ND  58125-6335

ERC Specialists
560 E. Timpanogos Circle
Orem, UT 84097

Fortis Law Partners
1900 Wazee Street,
Suite 300
Denver, CO 80202

Funders App LLC  d/b/a Symplifi
3323 NE 163rd St,
Suite 401
North Miami Beach, FL 33160

Internal Revenue Service
1999 Broadway
MS 5012 DEN
Denver, CO 80202

RDM Capital Funding, LLC dba Fintap
14 Wall Street, 20th Floor
New York, NY 10005

TBK Bank, SSB
PO Box 1030
Bettendorf, IA 52722